# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

---

| | | |
|---|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) | ) | 3:09-md-02100-DRH-PMF |
| MARKETING, SALES PRACTICES AND | ) | MDL No. 2100 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | | **ORDER** |

---

**This Document Relates to:**

**Rebecca Cashion v. Bayer Corp. et al. No. 3:10-cv-10234-DRH-PMF**

**Nadine Checchia v. Bayer Corp. et al. No. 3:10-cv-10081-DRH-PMF**

**Cheryl Dixon v. Bayer HealthCare Pharms. Inc. et al. No. 3:10-cv-10411-DRH-PMF**

**Nicole Lewis v. Bayer Corp. et al. No. 3:10-cv-10906-DRH-PMF**

**Staci Monk v. Bayer Corp. et al. No. 3:10-cv-20285-DRH-PMF**

**Gina Salazar v. Bayer Corp. et al. No. 3:10-cv-10678-DRH-PMF**

## ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Defendant Bayer HealthCare Pharmaceuticals Inc.'s ("Bayer") motion, pursuant to Case Management Order 12 ("CMO 12"), for an Order dismissing Plaintiffs' claims in the above-captioned matters without prejudice for failure to comply with their Plaintiff Fact Sheet

("PFS") obligations.[1]  Bayer contends that the Plaintiffs in the above-captioned matters have not served Bayer with a completed PFS and have not served Bayer with the disclosures and authorizations required by CMO 12.

Under Section E of CMO 12, Plaintiffs were given 14 days from the date of Defendant's motion, in this case 14 days from December 22, 2010, to file a response either certifying that they served upon Defendants and Defendants received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to Defendant's motion.

To date, <u>none</u> of the Plaintiffs in the above-captioned member actions has filed a response to Bayer's motion to dismiss pursuant to CMO 12.   Because Plaintiffs have failed to respond, in any way, to Bayer's allegations, the Court finds that Plaintiffs in the above-captioned member actions have failed to comply with the requirements of CMO 12.

Accordingly, the Court hereby **Orders** as follows:

The above-captioned member actions are **dismissed without prejudice** for failure to comply with the requirements of CMO 12.

---

[1] Under Section C of CMO 12, each Plaintiff is required to serve Defendants with a completed PFS, including a signed Declaration, executed record release Authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of Plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, is whichever is later."  Pursuant to this provision of CMO 12, the PFS deadlines for the Plaintiffs in the above captioned cases fell between October 16, 2010 and October 22, 2010.

**Further,** the Court reminds Plaintiffs that, pursuant to CMO 12

Section E, **unless Plaintiffs serve Defendants with a completed PFS or move to**

**vacate the dismissal without prejudice within 60 days after entry of this**

**Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon**

**Defendants' motion**.

**SO ORDERED**

David R. Herndon
2011.01.14
09:56:07 -06'00'

**Chief Judge**                                                   **Date: January 14, 2011**
**United States District Court**